## Mary Paulzin, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 16,894.

1. CARRIERS—*evidence of negligence.* Where plaintiff testified that while she was boarding a car which was standing still the car was started and she was thrown off and injured, and her testimony was corroborated by one witness, and defendant's conductor testified that when the car was started no one was attempting to board the same, and that he saw no one hurt, a verdict finding defendant guilty of negligence is justified by the evidence and must be held conclusive.

2. WITNESSES—*when cross-examination unduly restricted.* Where a trial court should have allowed greater latitude in cross-examination, when such limitation and restriction will not justify a reversal on that ground alone, the judgment is affirmed.

Appeal from the Superior Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed January 27, 1913.

JOHN E. KEHOE and WATSON J. FERRY, for appellant; LEONARD A. BUSBY, of counsel.

J. W. SUTTON, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The defendant company operates a street railway in State street, Chicago. Plaintiff recovered a judgment against it for $2,750 for personal injuries alleged to have been sustained by her through the negligence of defendant in starting a car, which had stopped at

a street crossing to discharge and take on passengers, while plaintiff was endeavoring to get on said car, before she could get safely on the car, by means whereof she was thrown from the car and injured, etc.

The plaintiff testified that while the car was standing still at the usual place for receiving passengers she attempted to get on the car, that she put one foot on the step, took hold of the car with her right hand and held an umbrella and bag in her left; that while in this position, with one foot swinging, the car started and she was thrown off and injured. The testimony of a witness called by plaintiff, who testified that she saw the occurrence, tended to corroborate to some extent the testimony of the plaintiff. As to the occurrence the defendant called only the conductor, who testified that when he rang the bell and when the car started no one was attempting to get on it; that after the car started he went in the car and after the car had gone fifty or seventy-five feet some one on the rear platform called out, "Somebody fell;" that he then walked to the rear end of the car, but saw no one that seemed to be hurt or down, and so started his car, and did not learn that plaintiff claimed to have been hurt until three days afterward.

If plaintiff attempted to board the car while it was standing still and before any signal to start had been given, and the car was started before she was safely and securely on the platform, the defendant company was negligent, and if by reason of such negligence the plaintiff was injured, the defendant is liable. If, after the signal to start was given and after the car started, the plaintiff attempted to board the car without the knowledge of the conductor, the defendant is not liable. We think that the question thus presented was one of fact on which the verdict must be held conclusive, and therefore that the contention of the appellant that the verdict is not justified by the evidence cannot be sustained.

We think the court should have allowed greater lat-

.itude to counsel for the defendant in the cross-examination of the plaintiff, but we cannot say that her cross-examination was so limited or restricted as to justify a reversal of the judgment on that ground.

As to the nature and extent of plaintiff's injuries, the doctors called by the respective parties differ widely. We cannot say that the jury might not take as true the testimony of the plaintiff and her doctors, and if her injuries and the consequence resulting therefrom were such as their testimony tends to prove, the damages awarded by the jury cannot be held excessive.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*